IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 9, 2014

## STATE OF TENNESSEE v. JONATHAN CASEY BRYANT

**Appeal from the Circuit Court for Warren County**
**No. F-13763     Larry B. Stanley, Jr., Judge**

_____

**No. M2013-00922-CCA-R3-CD - Filed October 3, 2014**

_____

The Defendant, Jonathan Casey Bryant, pled guilty to promotion of the manufacture of methamphetamine. As part of the plea agreement, the Defendant reserved a certified question of law challenging the trial court's denial of his motion to suppress the evidence resulting from his traffic stop. However, the Defendant failed to file any document specifying the certified question presented. Because the Defendant failed to properly reserve the certified question, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Daniel James Barnes (on appeal), McMinnville, Tennessee, and John P. Partin (at guilty plea), McMinnville, Tennessee, for the appellant, Jonathan Casey Bryant.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Lisa S. Zavogiannis, District Attorney General; and Thomas J. Miner and Sheila Miner, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION
## FACTUAL BACKGROUND

On August 3, 2012, a Warren County grand jury indicted the Defendant for initiating a process intended to result in the manufacture of methamphetamine, a Class B felony; for promoting the manufacture of methamphetamine, a Class D felony; and for possessing drug paraphernalia, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-17-425, -433, -435. The Defendant filed a motion to suppress all evidence obtained as a result of his traffic stop, requesting simply that the trial court "suppress all evidence obtained during and after an

illegal seizure and search conducted without reasonable suspicion or probable cause on June 23, 2012."

During a hearing on the motion, Officer Ben Cantrell, with the McMinnville Police Department, testified that around 11:00 a.m. on June 23, 2012, he observed a vehicle being driven by Charleston Dakota Ortega, and the Defendant was a passenger in that vehicle. The vehicle was packed with personal belongings according to Officer Cantrell, and Officer Cantrell was familiar with both Ortega and the Defendant, knowing their previous involvement with methamphetamine production. Officer Cantrell knew that there was a warrant out for Ortega's arrest, so he initiated a traffic stop by activating his blue lights. As soon as Ortega exited the vehicle, Officer Cantrell attempted to place him under arrest, but Ortega fled on foot. Officer Cantrell began to chase Ortega but decided to return to his unattended patrol car and the Defendant who was still present on the scene. After a conversation with the Defendant, Officer Cantrell placed him in handcuffs, stating to the Defendant that he was only being detained and was not under arrest. Officer Cantrell explained that he did so due to "safety concern[s,]" being there by himself with no other officers to assist him.

Officer Cantrell learned that neither Ortega nor the Defendant were the registered owner of the vehicle. Because the Defendant did not have a driver's license, Officer Cantrell determined that the vehicle would have to be towed. As Officer Cantrell began to inventory the car, he discovered a roll of aluminum foil, arousing his suspicions about the manufacture of methamphetamine. Officer Cantrell also observed a locked safe. He asked the Defendant who the safe belonged to, and the Defendant replied that he had sold the safe to a friend. Officer Cantrell asked the Defendant if he still had the key, to which the Defendant said yes and produced the key from his pants pocket. The Defendant consented to a search of the safe, where Officer Cantrell discovered more materials used in the methamphetamine manufacturing process. Officer Cantrell then placed the Defendant under arrest, and Officer Cantrell estimated that the entire episode lasted about twenty minutes.

At the conclusion of the hearing, several issues where addressed by the parties: reasonable suspicion to support the Defendant's detention, the validity of the inventory search, the voluntariness of the Defendant's consent, and the fruit of the poisonous tree doctrine. Ultimately, the trial court ruled that the stop was proper and denied the Defendant's motion to suppress.

Thereafter, the Defendant pled guilty to the promotion of the manufacture of methamphetamine, and the initiating the process to manufacture methamphetamine charge

was dismissed.[1]  Under the terms of the agreement, he received a sentence of four years, with 180 days to serve followed by probation.  As part of his plea, the Defendant, pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure, attempted to reserve the right to appeal a certified question of law dispositive of the case.  The judgment of conviction form contained the following notation within the special conditions section:

> Upon entering this guilty plea, the [D]efendant has reserved his right to appeal a certified question of law regarding issues raised during the argument of a [m]otion to [s]uppress heard 2/6/2013[.]  The State of Tennessee and the [c]ourt have consented to the reservation of this certified question of law and are of the opinion that the certified question is dispositive of the case.  A certified question of law presenting the issues the [D]efendant wishes to preserve for appeal is attached to this order as Exhibit No.1, and incorporated herein by reference.

However, no document was attached to the judgment form.  This appeal followed.

## ANALYSIS

On appeal, the Defendant challenges the trial court's suppression ruling, raising as issues whether the detention of the Defendant was supported by reasonable suspicion, whether the search of the vehicle was proper under the Fourth Amendment, whether the Defendant's consent was given as a result of the illegal detention, and whether any exception applies to remove the taint of the illegal search.  Initially, the State argues that we should dismiss the case for the Defendant's failure to comply with the procedural requirements for reserving a certified question.  Alternatively, the State submits that the trial court properly denied the Defendant's motion to suppress.

Tennessee Rule of Criminal Procedure 37(b)(2)(A) provides that a defendant may appeal from any judgment of conviction on a plea of guilty or nolo contendere, if:

> (A) the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved—with the consent of the state and of the court—the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

---

[1]  It is unclear from the record what became of the possession of drug paraphernalia charge.

-3-

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

See also State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003); State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). The burden is on the defendant to see that these prerequisites are in the final order and that the record brought to the appellate court contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. Pendergrass, 937 S.W.2d at 837. Because of the dispensatory nature of a certified question appeal, our supreme court firmly rejected a rule of substantial compliance, see Armstrong, 126 S.W.3d at 912, and instead demanded strict adherence to Rule 37(b).

Rule 37, as is applicable to this case, permits the review of a certified question of law in instances where "the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review[.]" See Tenn. R. Crim. P. 37(b)(2)(A)(i). There is no longer a requirement that the judgment incorporate the document by reference. See Tenn. R. Crim. P., Advisory Comm'n Cmts. 2011.[2] However, in this case, no document—judgment, order, or otherwise—was filed containing a statement of the certified question of law that the Defendant reserved for appellate review.

_____

[2] The Advisory Commission Comment to the amendment provides as follows:

The amendment to Rule 37(b)(2)(A) addresses those cases where the certified question of law is not stated in the judgment. In such cases, the amendment removes the requirement that a separate document setting forth the certified question of law be incorporated by reference in the judgment, and it allows the requirements of the Rule to be met by an order entered by the trial court certifying the question.

The Defendant filed a motion to suppress the evidence on grounds that the arresting officer lacked reasonable suspicion or probable cause to detain him and search the vehicle. The trial court heard and denied the motion. At the conclusion of the motion hearing, defense counsel stated that the parties had reached a plea agreement and discussed reserving a certified question. He continued, "I might need a day or two to sort out the certified question." The trial court stated that the certified question had to be filed with the judgment form, and the prosecutor stated that he did not "care what [the Defendant's] certified question [was] going to be" for purposes of accepting the Defendant's plea. The trial court accepted the Defendant's plea that same day. At the plea submission hearing, the State noted that the plea was subject "to the reservation of a certified question of law." The trial court informed the Defendant that he would have the "right to appeal this question that [the State] and [defense counsel] were just arguing." The written plea agreement states that the "plea is being entered pursuant to the reservation of a certified question of law, in accordance with Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure." As noted above, the judgment form references an "Exhibit No. 1," but unfortunately for the Defendant, at no point does any actual question appear in the record.

As our supreme court has said:

> "[T]he question of law must be <u>stated so as to clearly identify the scope and the limits of the legal issue reserved.</u> For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case."

<u>Pendergrass</u>, 937 S.W.2d at 836-37 (quoting <u>Preston</u>, 759 S.W.2d 647, 650 (Tenn. 1988)) (emphasis in <u>Pendergrass</u>). Because the Defendant has failed to state any certified question of law, let alone state a question that clearly identifies the scope of the legal issues involved or the reasons relied on by the Defendant in the trial court, we are without jurisdiction to hear his appeal. <u>See</u> <u>State v. Lane Lee Coggins</u>, No. E2013-01262-CCA-R3-CD, 2014 WL 891040, at *2-3 (Tenn. Crim. App. Mar. 6, 2014).

## CONCLUSION

The Defendant's failure to properly certify his question for review renders this court without jurisdiction to review this appeal. The appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE